**SIGNED.**

Dated: April 01, 2010



_____
**RANDOLPH J. HAINES
U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL A. STOLKEY, | ) | NO. 2:09-bk-33214-RJH |
| | ) | |
| Debtor. | ) | MEMORANDUM DECISION |
| | ) | REQUIRING PARTIES TO SUBMIT |
| | ) | ADDITIONAL DOCUMENTS |
| | ) | |

The matter is before the Court based on an objection to the stipulation made by the Chapter 7 Trustee and the Debtor regarding the distribution of exempt funds held by the Trustee. The Debtor owes a debt for arrearages to his former spouse pursuant to a domestic support order. The amount owed to the former spouse, Ms. Holly Tatum, is to be paid out of the exempt funds held by the Trustee. The Debtor and his former spouse do not agree as to the amount of the arrearages. However, the parties are in agreement that this matter can be resolved based on the documents presented and that no further evidentiary hearing is necessary.

Ms. Tatum states that she did not receive the $2,500 monthly payments ordered for temporary spousal support during the months of October 2008 through February 2010. The total amount of the arrearage for these five months equals $12,500. Ms. Tatum includes a partial copy of the Sixth Arbitration Award dated February 17, 2009.[1] Per paragraph 34, the temporary spousal order was terminated as of February 17, 2009, but all arrearages were expressly preserved and were

---

[1] The Court notes that Ms. Tatum only included two pages from the Sixth Arbitration Award, pages one and forty-two. While paragraph 34 on page forty-two does preserve the arrearage and order that it is to be paid in twelve monthly installments, nowhere in these two pages of the Sixth Arbitration Award is a finding by the Arbitrator of the amount of the arrearages that are to be paid. It is unknown to the Court whether any such determination was made by the Arbitrator at that time.

to be paid by Mr. Stolkey to Ms. Tatum within twelve months by equal monthly payments beginning March 2, 2009.

Mr. Stolkey has included as an exhibit to his Reply copies of the checks sent to Ms. Tatum to pay for the arrearages.[2] The checks dated April 11, 2009 through January 8, 2010 total $6,637.05. Ms. Tatum does not dispute that she received the arreareage checks from March 2009 through January 2010. Instead, Ms. Tatum argues that Mr. Stolkey owes a balance of $6,104.71 on the arrearage – she arrives at this amount by multiplying $581.39[3] times eleven which comes to $6,395.29. The amount of $12,500 minus $6,395.29 totals $6,104.71. The Court notes that the total of the checks submitted by Mr. Stolkey comes to $6,637.05. Stolkey argues that he owes only $1,638.92[4] for the arrearage.

Mr. Stolkey indicates that he has obtained a Certified Statement of Arrearage from the Oakland County Friend of the Court showing that the arrearage was only $8,154.52. However, this also appears to be an incomplete document. The statement refers to an attached printout, but no printout is included with the exhibit. The printout presumably would indicate what items were included in the calculation made by the Oakland County Friend of the Court, and would therefore allow this Court to understand, or at least bracket, the nature of the arrearage and any payments made in the interim. Further, the certification is to the "Amount due to Obligee at time of the closing," but this term "at the time of closing" is not identified or defined, and it is impossible to

---

[2] The Court notes that Mr. Stolkey has included copies of the checks he purportedly sent to Ms. Tatum. With the exception of the $1,200 check dated April 11, 2009, these checks do not show that they were negotiated or cashed by Ms. Tatum, and the Court notes that they come from 3 different bank accounts and the ones written from the same bank account are not necessarily in numerical order according to the months that Mr. Stolkey indicates they were sent.

[3] Ms. Tatum states that each payment made from March 2009 through January 2010 was in the amount of $581.39. The Court notes that of the copies of the checks submitted by Mr. Stolkey, none of them are written in the amount of $581.39. Instead, they range primarily from $533.66 to $553.71, and there is also one check for $1,200 to cover the two months of March and April 2009.

[4] The Court is unable to determine how Mr. Stolkey came up with this amount. If we take the amount of the arrearage per the Certification by the Oakland County Friend of Court, $8,154.52, and subtract the total face amount of the checks identified by Mr. Stolkey in his Exhibit B to the Reply, $6,637.05, the remaining amount owed would be $1,517.47, yet Mr. Stolkey is arguing that the amount owed for the arrearage is $1,638.92

determine from the face of this document if that date was January 1, 2009,[5] February 17, 2009,[6] January 1, 2010,[7] March 9, 2010,[8] or some other date relevant to the proceedings in Michigan. The Court notes that counsel for the Debtor stated at the hearing that "the statement from the Friend of the Court is the amount that was due at the beginning of 2009," again, the Court finds that this statement by counsel does not clearly identify what arrearages are included in this Certified Statement or the operative date of the closing.[9] Further, the parties agree that the checks to pay the arrearage were sent directly to the attorneys representing Ms. Tatum; the checks paid by Mr. Stolkey on the arrearages did not pass through the Oakland County Friend of the Court or any other Michigan governmental entity.

Finally, Mr. Stolkey attempted to offer an explanation for the difference in the calculation of the total amount of the arrearages. Mr. Stolkey stated that Ms. Tatum perhaps was not including the portion of his unemployment benefits that she received when he was out of work and not making payments per the temporary support order. Ms. Tatum later stated that she received no portion of Mr. Stolkey's unemployment checks. It is unclear whether the unemployment benefits referred to by Mr. Stolkey at the hearing, were handled by the Oakland County Friend of the Court, or other Michigan governmental entity related to the divorce proceedings, and if that is the source of the differences in accounting.

Ultimately, the Court agrees that it should be possible to make the determination

---

[5] The beginning of the calendar year just before the temporary support order was terminated, and during the period the arrearages were accruing.

[6] The date of the Sixth Arbitration Award and termination of the temporary support order.

[7] The beginning of the calendar year just before the Certification was prepared.

[8] The date the Certification was signed by a representative of the Oakland County Friend of the Court.

[9] For example, if by "beginning of 2009" we mean January 1, 2009 as the operative date, the arrearage would probably not include missed spousal support payments for January or February 2010. If, instead, we mean February 17, 2009, when the temporary spousal support order was terminated, it may or may not include the full amount of arrearages contemplated by paragraph 34 of the Sixth Arbitration Award. Or it could mean sometime after February 17, 2009, which was sufficient to include all payments processed through the Oakland County Friend of Court or other Michigan governmental entity related to these divorce proceedings.

3

as to the total amount of the arrearage due to Ms. Tatum, but based on the incomplete documents before the Court, it is impossible for the Court to make such a determination at this time. Accordingly, the Court is going to ask the parties to submit specific documents to help it make its determination, and the matter will be deemed submitted as of the deadline for making the submissions.

IT IS ORDERED that Ms. Holly Tatum shall submit a complete copy of the Sixth Arbitration Award, along with complete copies of any other documents that may indicate an official determination that the original amount of the arrearage to be $12,500.

IT IS FURTHER ORDERED directing Mr. Stolkey to provide the complete Certificate of Arrearage, which includes the printout referred to by the Oakland County Friend of the Court in the original Certificate of Arrearage. If this printout does not reflect each payment made through the Oakland County Friend of Court, the Court will require Mr. Stolkey to request an accounting for the period of at least June 2008 through April 11, 2010.

IT IS FURTHER ORDERED directing Mr. Stolkey to provide complete copies of any documents that show that a portion of the unemployment benefits were paid to Ms. Tatum.

IT IS FURTHER ORDERED directing Mr. Stolkey to file his own certification regarding the months that he did not make the $2,500 payments of temporary spousal support, and the months that Mr. Stolkey received unemployment benefits, whether the unemployment benefits were paid directly to him or channeled through the Oakland County Friend of Court or other Michigan governmental entity related to the divorce proceedings, and how much of the unemployment benefits Mr. Stolkey believes were paid to Ms. Tatum. The Court wants to know if Mr. Stolkey agrees that he did not make the payments for the months of October 2008 through February 2010, and how the unemployment benefits were distributed and handled.

IT IS FURTHER ORDERED directing Mr. Stolkey to provide a copy of his bank statements that include all of the checks sent to Ms. Tatum dated April 11, 2009 through January 8, 2010 identified in Exhibit B to Mr. Stolkey's Reply; or Mr. Stolkey may provide copies, front and back, of the cancelled checks. The Court wants tangible proof of the amount of the payments made by Mr. Stolkey and received by Ms. Tatum on the arrearages, and the cancelled checks or

4

the bank statements showing that the checks were cashed are the best evidence of the amount and receipt of payment.

IT IS FURTHER ORDERED that all documents required by this Order shall be filed with the Court no later than April 30, 2010, without prejudice to any party asking for an extension of time in order to obtain the requested documents.

IT IS FURTHER ORDERED directing the Trustee to withhold the sum of $6,104.71 of the exempt funds until further order of this Court. The Trustee is authorized to distribute any amount of the exempt funds in excess of the $6,104.71 to the Debtor at this time.

DATED AND SIGNED ABOVE.

Copy of the foregoing mailed/emailed this
1st day of April, 2010 to:

Lyndon B. Steimel, Esq.
Law Office of Lyndon B. Steimel
lyndon@steimellaw.com
Attorney for Debtor

Michael A. Stolkey
25150 North Windy Walk Drive, Unit 15
Scottsdale, AZ 85255
Debtor

Terry A. Dake, Esq.
Terry A. Dake, Ltd.
tdake@cox.net
Attorney for David Birdsell, Chapter 7 Trustee

Holly Tatum
5728 Tequesta Court
West Bloomfield, MI 48323
Pro Se

 /s/ Pat Denk
Judicial Assistant