**SIGNED.**

Dated: July 26, 2010



_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL A. STOLKEY, | ) | NO. 2:09-bk-33214-RJH |
| | ) | |
| Debtor. | ) | MEMORANDUM DECISION |
| | ) | |
| _____ | ) | |

The matter was originally before the Court based on an objection filed by Ms. Holly Tatum to the stipulation made between David A. Birdsell, the Chapter 7 Trustee in this case, and the Debtor regarding the distribution of exempt funds held by the Trustee. Pursuant to the stipulation, it was agreed that the Debtor was entitled to exempt up to $11,200.00 from his account at Wells Fargo Bank, subject to the payment of an outstanding domestic support obligation arrearage in the amount of $1,638.92. Upon the order approving the stipulation becoming final, the Trustee was to issue a check to Debtor's former spouse, Ms. Holly Tatum, in the amount of $1,638.92 in full satisfaction of the pre-petition domestic support obligation arrearage due to Ms. Tatum.

Ms. Tatum filed a letter objection to the proposed settlement whereby she argues that the "true amount of arrearages owed" was $6,104.71. The parties (Debtor and Ms. Tatum) agreed that the matter could be resolved based on the documents and that no further evidentiary hearing would be necessary.

Upon reviewing the documents presented up to that point, the Court determined it needed additional and complete documents before it could determine the amount of the pre-petition temporary spousal support arrearages owed to Ms. Tatum. Accordingly, the Court issued an order on April 1, 2010 requiring the parties to provide additional documentation, and in some cases to

supplement partial documents that were previously submitted, in order for the parties to support their respective positions. All additional documents were to be filed with the Court no later than April 30, 2010. Further, because Ms. Tatum's objection to the stipulation indicated that the true amount of the pre-petition arrearage was $6,104.71, the Court directed the Trustee to withhold that amount of the exempt funds, and to immediately distribute any funds in excess of the $6,104.71 to the Debtor.

The Court notes that the parties both timely filed the requested supplemental documents: Ms. Tatum's initial supplemental filing with accompanying letter was received on April 9, 2010 in chambers; Debtor's supplemental filing was docketed by his attorney on April 28, 2010. The Court also notes that on May 7, 2010, it received an additional letter from Ms. Tatum. Attached to this letter was a one page exhibit, the Certified Statement of Arrearage created by the Oakland County Friend of the Court, dated March 9, 2010, which detailed the arrearage at $8,175.52. This is the same document that the Debtor had attached to his response, and which the Court asked the Debtor to supplement because the one page Certified Statement of Arrearage was not complete inasmuch as it refers to an attached printout which the Debtor had not included. In sending the letter which was received on May 7, 2010, Ms. Tatum makes the same error by failing to include the attached printout to make a complete document. Further, in the letter, Ms. Tatum now states: "The correct amount is $8175.52 (see exhibit A). I respectfully ask for the $8175.52 to be released to me, as soon as possible. . . ."

The Court has read through all of the supplemental documents and re-reviewed all of the original pleadings and documents filed by the parties, and is prepared to make its calculation and ruling regarding the pre-petition arrearage in temporary spousal support owed by the Debtor to Ms. Tatum.

Per her objection, and the letter accompanying her supplemental documentation, Ms. Tatum argues that the Debtor was ordered to pay $12,500.00 in arrearages over the next twelve months based on the Sixth Arbitration Award. Ms. Tatum states that Debtor has paid only $6,395.29 to date, and she asks that $6,104.71 be released to her as soon as possible. Ms. Tatum cites to paragraph 34 on page 42 of the Sixth Arbitration award. Paragraph 34 terminates the temporary

2

spousal support order effective February 17, 2009 and states that all arrearages are preserved and shall be paid by the Debtor to Ms. Tatum within 12 months of the entry of the award in equal monthly payments beginning March 2, 2009.

The Court has read through the entire Sixth Arbitration Award and finds and concludes that it **does not** make a finding as to the amount of the arrearages owed by the Debtor to Ms. Tatum. Ms. Tatum makes her own calculation and that calculation is not adopted by the arbitrator; instead, the arbitrator only states that any arrearage (whatever the amount may be) is preserved and that it shall be paid over the next year. The Court notes that it is incumbent upon Ms. Tatum to establish the amount of the arrearage. Ms. Tatum includes a copy of the Order/Notice to Withhold Income for Child Support which is dated September 1, 2007 and issued by the Oakland County Court in Michigan. This Order/Notice directs that payment of $2,500 per month in spousal support, plus nominal fees, shall be paid through the Oakland County Friend of the Court. Ms. Tatum also includes a letter dated October 29, 2008 from Debtor's divorce attorney to the state court arbitrator which makes reference to the $2,500 spousal support obligation – the letter is notifying the arbitrator that the temporary spousal support needed to be amended immediately because the Debtor was no longer employed. None of these three documents, the Sixth Arbitration Award, the Order/Notice, or the letter from Debtor's divorce counsel, state the amount of arrearage that the Debtor owed pre-petition, gives the date(s) when payments were missed, or even indicates there has been a default. Ms. Tatum does not provide any other document that makes specific reference to the amount of the temporary spousal support award or details any missed payments by the Debtor. In other words, these three documents might be used to establish the amount of the temporary spousal support at some point in time, but they are not probative as to the existence or amount of any default.

The Court finds and concludes that the **complete** Certified Statement of Arrearage from the Oakland County Friend of the Court dated March 9, 2010[1] is the proper place to begin the

---

[1] The Court notes that the first page of this document, the Certified Statement of Arrearage, dated March 19, 2010, was provided by the Debtor in his response to Ms. Tatum's objection, and that the Debtor supplemented this document with the omitted five page printout referred to in the Certified Statement. Also,

3

Case 2:09-bk-33214-RJH    Doc 56    Filed 07/26/10    Entered 07/26/10 16:33:07    Desc
Main Document    Page 3 of 6

analysis because the Statement (with the five page attached printout) gives an analysis of the payments received and distributed through that office for the period of January 1, 2007 through March 9, 2010.[2] Per the report, the balance due as of February, 2009 was $8,175.52. The Court finds and concludes that the amount due as of February 2009 is the total arrearage owed as of that time. Further, the Court finds, upon review of the printout that of the payments made into the Friend of the Court, twenty-six of those payments were made, by on a wage assignment, and that three more payments including payments from October 31, 2008 through December 29, 2008 were made from unemployment compensation. Based on the foregoing, the Court finds that the Debtor did make payments to Ms. Tatum from his unemployment compensation, as those payments were posted and processed through the Oakland County Friend of the Court system.

Thus, per the calculation made by the Oakland County Friend of Court, as of the time the Sixth Arbitration Award was entered on February 17, 2009 when the temporary spousal support was terminated, the amount of the arrearage was $8,175.52. No further temporary spousal support accrued after February 17, 2009 because the Sixth Arbitration Award terminated that specific obligation of the Debtor.

In order to determine the final amount of the pre-petition arrearage for this temporary spousal support award, the next issue to be considered by the Court is what payments were made by the Debtor to Ms. Tatum after February 17, 2009. The Debtor's response to Ms. Tatum's objection provided copies of checks sent to Ms. Tatum from April 11, 2009 through January 8, 2010. The Court required the Debtor to provide copies showing that the checks were cashed and cancelled, or bank statements to show that the checks had cleared the Debtor's accounts. Debtor has provided this proof to the Court.

Based on the proof of payment provided by the Debtor, the Court finds and concludes that the Debtor has made payment of $6,063.34 on the pre-petition arrearages due on the temporary

---

Ms. Tatum, in her letter received May 7, 2010, attached a copy of the one page Certified Statement of Arrearage, dated March 9, 2010 (without the five page printout).

[2] The Court notes that the report period matches the signature date given on the Oakland County Friend of Court Certified Statement of Arrearage

spousal support.[3] Based on the total amount of arrearage calculated by the Oakland County Friend of the Court ($8,175.52) as of February 2009, minus the payments made by the Debtor on the arrearage after February 2009 ($6,063.34), the total amount of the pre-petition arrearage still owed by the Debtor is $2,112.18. The Court finds and concludes that the amount of pre-petition arrearage that the Debtor owes to Ms. Tatum based on the temporary spousal support is $2,112.18 and that Ms. Tatum is entitled to receive this amount from the exempt funds withheld by the Trustee.[4]

Accordingly,

IT IS ORDERED awarding Ms. Holly Tatum the amount of $2,112.18 as the amount of the pre-petition arrearage due to her based on the temporary spousal support award;

IT IS FURTHER ORDERED overruling and denying Ms. Tatum's objection based on her claim that she is owed additional funds in excess of $2,112.18 based on a pre-petition arrearage on the temporary spousal support award;

IT IS FURTHER ORDERED, based on no further objections having timely been made, that the Debtor and Chapter 7 Trustee's motion to approve stipulation is hereby approved; and

IT IS FURTHER ORDERED directing the Chapter 7 Trustee to pay $2,112.18 to Ms. Holly Tatum in full satisfaction of the pre-petition arrearage owed on the temporary spousal support award, and to pay the balance of the withheld exempt funds to the Debtor pursuant to the stipulation entered into by the parties.

DATED AND SIGNED ABOVE.

---

[3] The Court notes that there was a Seventh Arbitration Award entered that established regular spousal support of $730.00 per month to be paid by Debtor to Ms. Tatum beginning June 1, 2009, and continuing through May, 2010. Debtor has included a calculation of the payments made from May 30, 2009 through March 27, 2010 (covering the month of April 2010), and proof of payment in the form of cancelled checks or bank statements. The Court has reviewed the proof provided and determined that the Debtor has separately made these payments, and is not attempting to get double credit for any payments made.

[4] The Court notes that the Debtor has established that he has made the $730.00 per month regular spousal support payments, as required in the Seventh Arbitration Award, with the exception of the May 2010 payment, which was not yet due at the time Debtor filed his supplemental documentation on April 28, 2010. Debtor's supplemental documentation does show that this payment had not yet been made. The Court makes no findings concerning this last payment of regular spousal support, and finds that to the extent the payment was not eventually made by the Debtor, Ms. Tatum may pursue that payment in the Michigan state court.

| | |
|---|---|
| 1 | |
| 2 | Copy of the foregoing mailed/emailed this<br>26th day of July, 2010 to: |
| 3 | Lyndon B. Steimel, Esq.<br>Law Office of Lyndon B. Steimel |
| 4 | lyndon@steimellaw.com<br>Attorney for Debtor |
| 5 | |
| 6 | Michael A. Stolkey<br>25150 North Windy Walk Drive, Unit 15<br>Scottsdale, AZ 85255 |
| 7 | Debtor |
| 8 | Terry A. Dake, Esq.<br>Terry A. Dake, Ltd. |
| 9 | tdake@cox.net<br>Attorney for David Birdsell, Chapter 7 Trustee |
| 10 | |
| 11 | Holly Tatum<br>5728 Tequesta Court<br>West Bloomfield, MI 48323 |
| 12 | Pro Se |
| 13 | /s/ Pat Denk<br>Judicial Assistant |